**UNITED STATES of America,**
**Appellee,**

v.

**John LEA, Defendant–Appellant.**

**No. 04–2311–CR.**

United States Court of Appeals,
Second Circuit.

May 11, 2005.

Richard L. Mott, Albany, New York, for Appellant.

David M. Grable, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, Robert T. Storch, Assistant United States Attorney, Senior Litigation Counsel), for Appellee, of counsel.

Present: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Northern District of New York (Kahn, J.) is AFFIRMED IN PART and REMANDED IN PART.

Defendant-appellant John Lea ("Lea") appeals from the judgment of the United States District Court for the Northern District of New York convicting him of one count of assaultive retaliation against a federal witness in violation of 18 U.S.C.

§ 1513(b) and sentencing him principally to 41 months of imprisonment, to be followed by three years of supervised release. On appeal, Lea contends that the district court erroneously excluded witness testimony about Lea's statements before and after the assault at issue, in violation of Federal Rule of Evidence 803(3), and that the court's failure to permit this testimony deprived Lea of his due process right to a fair trial. We presume familiarity by the parties with the factual and procedural background of this case.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Taubman*, 297 F.3d 161, 164 (2d Cir.2002). Hearsay is an out-of-court statement admitted for the truth of the matter asserted. Fed.R.Evid. 801. Federal Rule of Evidence 803(3) is the "state of mind exception to the hearsay rule." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir.1991). Lea asserts that under Rule 803(3), the trial court should have admitted the statements that he made to Marcel Davis immediately prior to assaulting the witness, Justin Babcock. *See* Fed. R.Evid. 803(3) (permitting into evidence a "statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)"). The defense wanted Davis to testify that, upon noticing Babcock, Lea stated "hold on a minute, there's Justin [Babcock], he owes me some money, I want to go see if I can get it." We agree with Lea that the statements that he made to Davis immediately prior to assaulting Babcock were admissible under Rule 803(3) because they constituted statements of his intent to undertake a certain act in the future—namely, to seek repayment of a debt from Babcock. *See United States v. Best*, 219 F.3d 192, 198 (2d Cir.2000) ("A declarant's out-of-court statement as to his

intent to perform a certain act in the future is not excludable on hearsay grounds."); *Shelden v. Barre Belt Granite Employer Union Pension Fund*, 25 F.3d 74, 79 (2d Cir.1994) ("[U]nder [Rule 803(3)], the existence of the plan or intention may be proven by evidence of the *person's own statements* as to its existence." (citation and internal quotation marks omitted)).

■ Nevertheless, we hold that the district court's erroneous exclusion of this testimony was harmless error.[1] *United States v. Lawal*, 736 F.2d 5, 9 (2d Cir.1984) (reviewing district court's erroneous exclusion of evidence under Rule 803(3) for harmless error). Overwhelming evidence existed that Lea attacked Babcock in retaliation for Babcock's testimony against Michael Yarbrough and not in order to collect upon an unpaid debt. Yarbrough's ex-girlfriend testified that Lea and Yarbrough were "good friends" who often spent time together. Telephone records also proved that Lea and Yarbrough spoke frequently; indeed, Lea received 78 calls from Yarbrough in one month alone. Both Babcock and a disinterested twelve-year-old eyewitness testified that while assaulting Babcock, Lea declared that Babcock had "ratted my man." At trial, Lea conceded that he knew that Babcock cooperated against Yarbrough; admitted to knowing "a fair amount" of information about Yarbrough's trial; and stated that Babcock "ratted out" Yarbrough by testifying against Yarbrough. We have held that the erroneous exclusion of state of mind evidence is harmless when the government has presented strong evidence of the defendant's guilt. *See, e.g., Lawal*, 736 F.2d at 9; *United States v. Terry*, 702 F.2d 299,

314 (2d Cir.1983). A rational trier of fact would have easily found that this direct and circumstantial evidence established a close relationship between Lea and Yarbrough that led Lea to retaliate against Babcock for testifying against Yarbrough.

Moreover, the district court's erroneous exclusion of evidence was harmless because Lea was otherwise permitted to present his defense fully. Lea testified that he attacked Babcock in retaliation for Babcock's failure to repay a debt. Although Davis was not permitted to testify about Lea's statements to him, Davis was able to offer testimony that Lea "was like really anxious to talk to [Babcock] about money." Taken together, the testimony of Lea and Davis put before the jury Lea's defense that he attacked Babcock not in retaliation for Babcock's testimony against Yarbrough, but for Babcock's failure to repay Lea a loan. As such, the exclusion of Davis's testimony did not gravely hinder Lea from presenting his defense. *Cf. Lawal*, 736 F.2d at 9 (finding that erroneous exclusion of state of mind testimony under 803(3) was harmless because testimony was "at most marginally probative ... and cannot be seen as anything more than a cumulative and insignificant addition for the defense's cooperation theory"); *Terry*, 702 F.2d at 314 (finding that "any prejudice [from erroneous exclusion of evidence] was minimized by the fact that, notwithstanding the court's evidentiary ruling, defense counsel, in defiance of that ruling and despite the court's admonitions, sought by questions to convey to the jury" the substance of the excluded evidence).

In sum, the district court's erroneous exclusion of this portion of Davis's testimony was harmless error. *See Lawal*, 736

---

1. Lea's conclusory assertion that we should not review the exclusion of evidence for harmless error, but under "the stricter analysis applied in cases involving constitutional violations," is unavailing because the exclusion of evidence in the instant case did not involve a constitutional error.

F.2d at 9–10 (holding that a district court's erroneous exclusion of such evidence is harmless if it "is highly probable that the error did not contribute to the verdict" (citation and internal quotation marks omitted)); *see also Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946) (stating that error is harmless if "after pondering all that happened without stripping the erroneous action from the whole, ... the judgment was not substantially swayed by the error"); Fed.R.Crim.P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Finally, Lea asserts that under Fed.R.Evid. 803(3), the trial court also should have admitted the statements that he made to Marcel Davis immediately after assaulting Babcock. Davis wished to testify that after assaulting Babcock, Lea returned to the car where Davis was seated and said, "the guy stiffed me. I'm gonna sue him." The question of whether the district court properly excluded this statement pursuant to Rule 803(3) is a close one because the statement relates both to past and future events. Even if the exclusion of this statement was erroneous, however, we hold that the error was harmless for both of the aforementioned reasons.

In light of the Supreme Court's opinion in *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we remand this case to the district court for proceedings consistent with our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

We have considered defendant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED IN PART and REMANDED IN PART.